UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CARA L. RINTALA, CHARLES W. COCHRANE, WILLIAM COCHRANE and LUCY COCHRANE,<br><br>    Defendants. | Civil Action No. 1:11-cv-10971<br><br><br><br><br>**CONSENT ORDER** |

THIS MATTER, having come before the Court upon the consent of Plaintiff, The Prudential Insurance Company of America ("Prudential"), and Defendants Cara L. Rintala, Charles W. Cochrane, William Cochrane and Lucy Cochrane, for entry of the within Order directing Prudential to deposit certain life insurance proceeds in the amount of $512,000.00 (the "Death Benefit"), together with applicable claim interest, if any, consisting of Basic Life Insurance Benefits in the amount of $76,000, Optional Life Insurance Benefits in the amount of $180,000, Basic Accidental Death and Dismemberment Benefits in the amount of $76,000, and Optional Personal Accident Insurance Benefits in the amount of $180,000, payable as a result of the death of Annamarie Rintala (the "Insured"), under group life insurance policy, number G-42074, issued by Prudential to Emergency Medical Services (the "Group Policy"), and discharging Prudential from any and all liability with regard to the Group Policy and/or the Death Benefit and dismissing it from this action with prejudice, and the Court having considered the foregoing and the Court hereby finding the following:

1.  Prudential filed this action against Defendants Cara L. Rintala, Charles W. Cochrane, William Cochrane and Lucy Cochrane, asserting certain interpleader claims in connection with payment of the Death Benefit under the Group Policy (the "Action").

2.  There are competing claims to the Death Benefit.

3.  Prudential is a neutral stakeholder and is ready and willing to pay the Death Benefit.

4.  It is in the best interests of the Parties for the Death Benefit to be interpled and Prudential dismissed from this lawsuit to stop accrual of attorneys' fees and costs.

IT IS THEREFORE on this 25 day of August, 2011,

ORDERED that:

1.  Within fourteen (14) days of the date of this Order, Prudential shall deposit with the Clerk of this Court the Death Benefit, to wit: total benefits in the amount of $512,000.00, plus accrued claim interest, if any.

2.  The Death Benefit as herein set forth shall be deposited by the Clerk into the Registry of this Court as soon as the business of this office allows.

3.  The Death Benefit so invested in the account shall remain on deposit until further order of this Court.

4.  The Clerk shall deduct a fee for handling of the funds, as authorized by the Judicial Conference of the United States and as set by the Director of the Administrative Office without further order of the Court.

5.  Upon making the deposit described in paragraph 1 herein with the Clerk of the Court, Prudential shall be, and hereby is, discharged from any and all liability to Cara L. Rintala, Charles W. Cochrane, William Cochrane and Lucy Cochrane relating to the Group Policy and/or the Death Benefit.

6.  Each party does therefore release, remise and forever disclaim all claims, rights,

interests and actions that it might otherwise have held against Prudential with respect to the Group Policy and/or the Death Benefit. Each party agrees to hold harmless and release Prudential and its present and former parents, subsidiaries and affiliated corporations, predecessors, successors and assigns and their respective officers, directors, agents, employees, representatives, attorneys, fiduciaries and administrators from all claims related to the Death Benefit, and any claim interest, if any, in conformity with the relief requested herein.

7. Cara L. Rintala, Charles W. Cochrane, William Cochrane and Lucy Cochrane shall be, and hereby are, permanently enjoined from bringing any action or proceeding in any forum, or making any further actual or implied claims, demands and causes of action, asserted or unasserted, liquidated or unliquidated, or bringing any action or proceeding in any forum against Prudential, arising out of or in connection with the Group Policy and/or the Death Benefit.

8. Prudential is hereby dismissed from this action with prejudice and any and all claims against Prudential related to the Group Policy and/or the Death Benefit are dismissed with prejudice.

9. The Parties shall bear their own attorneys' fees and costs incurred in connection with the Action.

10. This Court retains jurisdiction over Cara L. Rintala, Charles W. Cochrane, William Cochrane and Lucy Cochrane, and Defendants are compelled to litigate, adjust and/or settle among each other their respective and lawful entitlement to the money to be paid into the Court's registry by Prudential, or upon their failure to do so, this Court shall settle and adjust the claims and determine to whom the within total funds shall be paid.

KENNETH P. NEIMAN, U.S.M.J.